CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 21, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL T. LIPSCOMB, Plaintiff, | ) | Civil Action No. 7:25-cv-00415 |
| v. | ) | |
| D. ASHWOOD, et al., Defendants. | ) | By: Elizabeth K. Dillon, Chief United States District Judge |

**MEMORANDUM OPINION**

Daniel T. Lipscomb, a Virginia pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No 1).

Pending before the court are several motions. Defendants D. Ashwood, Ofc. Bailey, Capt. H. Custer, and Major T. Jones (the individual defendants) have filed a motion to revoke Lipscomb's *in forma pauperis* (IFP) status. (Dkt. No. 20). Defendant Globel Tel Link Corporation a/k/a GTL Viapath LLC (Viapath) has filed a motion to dismiss. (Dkt. No. 36). Lipscomb has filed a motion for a preliminary injunction and temporary restraining order (Dkt. No. 23) and a motion for default judgment against Viapath (Dkt. No. 33). The motions have been fully briefed and are ripe for review.

For the reasons stated below, the individual defendants' motion will be denied, Viapath's motion will be granted, and Lipscomb's motions will be denied.

I. BACKGROUND

This matter stems from events that allegedly occurred at the Northwestern Regional Adult Detention Center (NRADC) where Lipscomb was detained. (*See* Compl. 1, Dkt. No. 1). Ashwood is NRADC's "IT-Tech," and Bailey is Ashwood's supervisor. (*Id.*, at 3.). Custer and Jones are correctional officers at NRADC who processed certain of Lipscomb's grievances and

appeals. (*Id.*, at 6). Viapath contracted with NRADC to provide telephone services to inmates. (*Id.*, at 3).

Lipscomb alleges that in April 2024 his inmate phone account at NRADC stopped allowing him to place outgoing phone calls. (*Id.*). According to Lipscomb, the issue was resolved in October 2024 after he went "back and [forth]" with Ashwood, who contacted Viapath to learn that Lipscomb's "call list" was full. (*Id.*). After Viapath cleared Lipscomb's call list, he was able to make outgoing calls until February 2025, when he encountered the same issue as before. (*Id.*). Lipscomb then submitted a "request form" to Ashwood who opened "another ticket" with Viapath, and on March 24, 2025, Lipscomb's phone "started to work again, allowing [him] to make outgoing phone calls." (*Id.*).

On April 7, 2025, Lipscomb's phone account again stopped allowing him to place outgoing phone calls. (*Id.*). After Lipscomb submitted another request form to Ashwood about the issue, Ashwood opened "multiple" tickets with Viapath. (*Id.*, at 3–4). Ashwood then responded to Lipscomb's request form, stating that the issue "ha[d] been resolved" which Lipscomb claims was false. (*Id.*). After further unsuccessful attempts to resolve the issue via direct communication with Ashwood and more request forms, Lipscomb began filing grievances and appeals against Ashwood and Bailey. (*Id.*, at 4–5). Custer and Jones found the grievances and appeals to be unfounded. (*Id.*, at 6). Lipscomb further claims that although Custer and Jones could contact Viapath about the issue, they have refused to do so. (*Id.*).

Lipscomb claims that he has been unable to place outgoing phone calls since April 2025. (*Id.*, at 5). He further claims that this has prevented him from being able to contact his attorney as well as his family and friends. (*Id.*, at 6). According to Lipscomb, this has prevented him

from preparing for upcoming hearings in his pending criminal cases. (*Id.*, at 7). Lipscomb also claims that, as an inmate, he is unable to contact Viapath directly about the issue. (*Id.*, at 4).

Lipscomb claims that the individual defendants have violated the First Amendment by "not contacting [Viapath] to fix [his] phone account" and thereby "refusing [to allow] Lipscomb to place [outgoing] phone calls." (*Id.*, at 5–6). Lipscomb further claims that the defendants have violated his right to equal protection of the laws. (*Id.*, at 6). Specifically, Lipscomb claims that he is being treated differently from other inmates who can place outgoing phone calls. (*Id.*). Lipscomb alleges that Viapath was made aware of the issue with his phone account but has "refus[ed] to answer his complaints." (*Id.*, at 7). Lipscomb has been granted leave to proceed IFP. (Dkt. No. 6).

## II. DISCUSSION

As noted, the parties have filed various motions which remain pending. First, the individual defendants move to revoke Lipscomb's IFP status. Second, Viapath moves to dismiss Lipscomb's complaint against it. Third, Lipscomb moves for a preliminary injunction and temporary restraining order and for default judgment against Viapath. The court addresses the motions in turn.

### A. The Individual Defendants' Motion to Revoke Lipscomb's IFP Status

"Litigants who qualify for IFP status are excused from prepaying court fees and costs." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). But "[t]o help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 [ ] established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 590 U.S. ---, 597, 140 S.Ct. 1721, 1723 (2020). This rule generally prohibits a "prisoner" from bringing a lawsuit IFP if the prisoner had three or more prior "action[s] or appeal[s] . . . dismissed on the ground that

[they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted[.]"[1] 28 U.S.C. § 1915(g). A prior action counts as a strike only if the action was "dismissed *entirely* as frivolous, malicious, or for failing to state a claim[.]" *Tolbert v. Stevenson*, 635 F.3d 646, 647 (4th Cir. 2011) (emphasis in original); *Barksdale v. Walters*, No. 25-7003, 2026 WL 2150999, at *1 (4th Cir. July 27, 2026) (per curiam) (citing *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011)) (same). A defendant challenging a plaintiff's IFP status under § 1915(g) bears the burden of showing that the plaintiff had three prior strikes. *Harris*, 935 F.3d at 673.

In moving to revoke Lipscomb's IFP status, the individual defendants rely on four prior cases that were filed while Lipscomb was incarcerated: *Lipscomb v. Burke, et al.*, No. 1:10-cv-00640 (E.D. Va. June 9, 2010); *Lipscomb v. Hansen, et al.*, No. 1:18-cv-00260 (E.D. Va. Mar. 8, 2018); *Lipscomb v. Corbin, et al.*, No. 7:22-cv-00511 (W.D. Va. Aug. 31, 2022); and *Lipscomb v. Slonaker, et al.*, No. 7:24-cv-00250 (W.D. Va. Apr. 15, 2024). In *Hansen*, however, the district court dismissed most of Lipscomb's claims for improper joinder of parties. *Hansen*, No. 1:18-cv-00260 (E.D. Va. July 30, 2019), Dkt. No. 18, at 1–2; *see also Pinkston-El v. Washington*, No. 97 C 8924, 1998 WL 293196, at *7 (N.D. Ill. May 22, 1998) ("Because not all of the complaint is dismissed for failure to state a claim, but part of it is dismissed for improper joinder of parties, this dismissal does not count as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g)."). And in *Slonaker*, this court dismissed one of the defendants for failure to perfect service on that defendant. *Slonaker*, No. 7:24-cv-00250 (W.D. Va. Mar. 20, 2025), Dkt. No. 94, at 1; *see also Hayes v. Herb*, No. 9:11-cv-01271, 2014 WL 1292235, at *9

[1] The term "prisoner" is broadly defined to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

(N.D.N.Y. Mar. 31, 2014) (noting that "dismissal for failing to effectuate service of process does not count as a strike under section 1915(g)."). Because *Hansen* and *Slonaker* were not "dismissed *entirely* . . . for failing to state a claim," they do not count as strikes under § 1915(g). *Tolbert*, 635 F.3d at 647 (emphasis in original). Therefore, the individual defendants have not met their burden of showing that Lipscomb had three strikes when he filed this action.

For these reasons, the individual defendants' motion to revoke Lipscomb's IFP status will be denied.

**B. Viapath's Motion to Dismiss**

Viapath moves for the dismissal of Lipscomb's complaint against it. In support, Viapath argues, among other things, that it is not a state actor subject to suit under § 1983.

To succeed on a § 1983 claim, a plaintiff must show: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Herman v. Lackey*, 309 F. App'x 778, 782 (4th Cir. 2009) (per curiam) (quoting *Jenkins v. Medford*, 119 F.3d 1156, 1159–160 (4th Cir. 1997)). "The 'under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'" *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Viapath provides telephone services to inmates at NRADC. But this, standing alone, does not transform Viapath into a state actor for § 1983 purposes. *Aich v. Reno Cnty. Corr. Facility*, No. 25-3235, 2025 WL 3221552, at *3 (D. Kan. Nov. 19, 2025) (collecting cases); *see also Peltier v. Charter Day School, Inc.,* 37 F.4th 104, 120 (4th Cir. 2022) ("'Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing' contractual services for public entities." (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–41 (1982)); *but cf, Walden v. Embarq Payphone Servs. Inc.*, No. 06-

14201, 2009 WL 3012351, at *3 (E.D. Mich. Sept. 17, 2009) (finding Embarq to be a state actor where it "provided the system that determined which communications [of inmates] were monitored."). "Given the strong national trend towards not considering prison telephone service providers as state actors under Section 1983," the court concludes that Viapath "is not a state actor based on the facts as pleaded." *Brady v. Jay Pay LLC*, No. 25-10604, 2025 WL 1085801, at *2 (E.D. Mich. Apr. 10, 2025); *see also Md. Minority Contractors Ass'n v. Lynch*, Nos. 98-2655, 99-1272, 2000 WL 135103, at *3 (4th Cir. Feb. 7, 2000) (per curiam) (affirming dismissal where appellants "failed to allege any facts that would convince [the court] that Columbia, a private company, is a state-actor for purposes of section 1983.").[2]

For these reasons, Viapath's motion to dismiss will be granted.[3]

**C. Lipscomb's Motion for a Preliminary Injunction and Temporary Restraining Order**

Lipscomb has filed an "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (TRO)" (Dkt. No. 23). In addition to a hearing, Lipscomb requests that the defendants be enjoined from "targeting [his inmate phone] account" and "disapproving all photos sent to [him] by [his] family and friends since the filing of this [ ] case." (*Id.*, at 1–2). He also requests that the defendants be ordered to "fix [his] phone account." (*Id.*, at 1).

"A [TRO] or preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Carter v. Ely*, No. 7:20-cv-00713, 2024 WL 1977174, at *1 (W.D. Va. May 3, 2024) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008)) (internal quotation marks omitted). "To obtain a

---

[2] In his response, Lipscomb cites *Albert v. Global Tel*Link*, 68 F.4th 906 (4th Cir. 2023), to show that "Viapath is the proper defendant to be sued." (Resp. 2, Dkt. No. 30). But *Albert* was brought pursuant to the Sherman Act and the Racketeer Influenced and Corrupt Organizations Act, not § 1983. *Albert*, 68 F.4th at 908. Thus, *Albert* is not relevant to the issues before the court.

[3] Because Viapath will be dismissed from this case, the court will deny as moot Lipscomb's motion for default judgment against Viapath.

preliminary injunction or TRO, [a plaintiff] must show that: (1) he is likely to succeed on the merits of his claims; (2) he is likely to suffer irreparable harm absent preliminary relief; (3) the balance of the equities favors relief; and (4) the relief is in the public interest." *Alston v. WRSP Hearing Officer Ewing*, No. 7:25-cv-00167, 2026 WL 222542, at *1 (W.D. Va. Jan. 28, 2026) (quoting *Leaders of a Beautiful Struggle v. Balt. Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021)) (internal quotation marks omitted). A plaintiff "bears the burden of establishing that each of these factors supports granting the injunction." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tech. Publ'g Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984)).

Lipscomb does not address any of the above requirements in his motion. He has, therefore, failed to make a "clear showing" of his entitlement to a TRO or preliminary injunction, as is required. *See Winter,* 555 U.S. at 22. And without any substantive support for Lipscomb's requested relief, the court sees no reason to hold a hearing on the motion.

For these reasons, Lipscomb's motion for a TRO and preliminary injunction will be denied.

## III. CONCLUSION

For the reasons stated in this opinion, the court will issue an appropriate order denying the individual defendants' motion to revoke Lipscomb's IFP status, granting Viapath's motion to dismiss, denying as moot Lipscomb's motion for default judgment against Viapath, and denying Lipscomb's motion for a TRO and a preliminary injunction.

Entered: September 21, 2026

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge